# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **KEITH CARROLL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17CV00044 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **NEW PEOPLE'S BANK, INC.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Thomas E. Strelka and L. Leigh Strelka, Strelka Law Office, PC, Roanoke, Virginia, for Plaintiff; Eric Daniel Chapman and James K. Cowan, Jr., CowanPerry PC, Blacksburg, Virginia, for Defendant.*

The plaintiff, who is blind, contends that he is unable to navigate the defendant bank's website because of its alleged accessibility barriers, in violation of the Americans with Disabilities Act. The defendant moves to dismiss on the ground that the plaintiff lacks standing to assert this claim. For the reasons that follow, I will grant the Motion to Dismiss.

I.

The Complaint alleges the following facts, which I must accept as true for purposes of deciding the Motion to Dismiss.

The plaintiff, Keith Carroll, is a permanently blind resident of Virginia. Carroll uses a screen reader to access the internet and read website content.

The defendant New People's Bank, Inc. ("NPB") is a Virginia corporation with its principal place of business in Honaker, Virginia. NPB owns and operates other banking locations in this judicial district. The banking locations constitute places of public accommodation. NPB utilizes the website www.newpeoplesbank.com to provide information associated with the bank, including a locator for NPB branches and descriptions of the bank's services.

NPB's website contains accessibility barriers, which Carroll alleges prevent him from using screen reading software to freely navigate the site. Specifically, his Complaint alleges that the website has the following barriers that prevent its full and free use by blind users:

> (1) Linked image missing alternative text which presents a problem because an image without alternative text results in an empty link. . . .; (2) Redundant Links where adjacent links go to the same URL address which results [sic] in additional navigation and repetition for keyboard and screen reader users; and (3) Empty or missing form labels which presented a problem. . . . Form labels provide visible descriptions and larger clickable targets for form controls.

Compl. ¶ 13, ECF No. 1.

Based on these barriers, Carroll alleges that NPB violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12213, by maintaining a website that is not fully accessible to visually-impaired users and failing to make reasonable modifications to correct the barriers. Specifically, Carroll alleges that NPB is a public accommodation within the definition of Title III of the ADA, and

its website is "a service, privilege, advantage, and accommodation that is heavily integrated within [NPB's] locations." Compl. ¶ 4, ECF No. 1.

NPB has moved to dismiss the Complaint for lack of standing. Fed. R. Civ. P. 12(b)(1). The motion has been fully briefed and argued, and is ripe for decision. Because I find that Carroll's allegations fail to establish standing, the Motion to Dismiss will be granted.[1]

## II.

It is appropriate to first determine whether Carroll has standing under Article III of the Constitution, because that determines "the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "It is well established that standing is a threshold jurisdictional issue that must be determined first because [w]ithout jurisdiction the court cannot proceed at all in any cause." *Covenant Media of N.C., L.L.C. v. City of Monroe,* 285 F. App'x 30, 34 (4th Cir. 2008) (unpublished) (internal quotation marks and citation omitted). A complaint must contain particularized allegations of fact supporting the plaintiff's standing to sue. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Standing implicates the court's subject-matter jurisdiction. The court should grant a motion

---

[1] NPB's initial Motion to Dismiss relied on 12(b)(6) grounds, but later asserted lack of standing. Subject-matter jurisdiction can be raised at any time in the litigation. *See United States v. Beasley*, 495 F.3d 142, 147 (4th Cir. 2007). In light of my ruling, I do not consider NPB's grounds for dismissal for failure to state a claim.

to dismiss under Federal Rule of Civil Procedure 12(b)(1) "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991) (citation omitted).[2]

For Carroll to have standing, he must allege that he has suffered an injury in fact that is (1) concrete and particularized and actual or imminent, (2) fairly traceable to the defendant's conduct, and (3) likely, as opposed to merely speculative, to be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also McBurney v. Cuccinelli,* 616 F.3d 393, 410 (4th Cir. 2010) (citation omitted). He must have a sufficient "personal interest" in the litigation. *See United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008). In addition, in the context of the ADA, a plaintiff must not only plead a past injury but also a "real and immediate threat" that he will be injured again. *Daniels v. Arcade,* L.P., 477 F. App'x 125, 129 (4th Cir. 2012) (unpublished) (citations omitted); *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 456 (4th Cir. 2017) (adopting and applying *Daniels* on the basis that "the *Daniels* decision properly described and applied the pleading obligations for standing with respect to . . . injury-in-fact"). In *Daniels*, the Fourth Circuit found injury in fact when the

---

[2] While the court may allow proof of standing at an evidentiary hearing or require affidavits or other evidence, *see Warth v. Seldin*, 422 U.S. at 501-02, the plaintiff has not requested any further opportunity to meet his burden, and at oral argument, did not dispute the defendant's factual assertions.

disabled plaintiff lived near the allegedly inaccessible market and regularly visited the market. 477 F. App'x at 129. The court also found a plausible likelihood of future harm because the plaintiff alleged that he intended to continue shopping at the market and resided in close proximity to the market. *Id.* at 130.

Carroll has failed to show that he has suffered an injury in fact or that there is a real threat of future harm. Unlike the plaintiff in *Daniels*, Carroll does not live near NPB. Indeed, Carroll lists Fairfax, Virginia, as his county of residence on the civil cover sheet to his Complaint. Fairfax County is nearly 300 miles from the closest NPB branch. Although Carroll could certainly visit NPB's website at any point in time from the comfort of his home, it seems implausible that he would travel hundreds of miles now or in the future to the visit the physical locations of the bank. Moreover, Carroll alleges only that in "recent months" he made "several attempts to use newpeoplesbank.com," but was deterred from accessing the website and "*visiting NPB's physical locations*." Compl. ¶ 15, ECF No. 1 (emphasis added). Carroll specifically alleges that he could not "browse the site, look for the NPB locations, check out [the bank's] amenities, and/or determine which location to visit" due to the alleged accessibility barriers. *Id.* at ¶ 13. Carroll does not allege that he actually uses or plans to use NPB's services. As a result, Carroll fails to allege an injury in fact or a plausible likelihood of future harm.

In his responsive brief, Carroll argues that his injury in fact was dignitary harm. Although intangible harm can confer standing, it does not do so in this case. As an initial matter, Carroll did not allege such injury in his Complaint, alleging only deterrence from accessing certain services and using the website's location features. Moreover, if dignitary harm under such circumstances was sufficient to confer standing, "then any disabled person who learned of any barrier to access [of a public accommodation] would automatically have standing to challenge the barrier, thereby essentially eliminating the injury-in-fact requirement." Order at 5, *Griffin v. Dep't of Labor Fed. Credit Union*, No. 1:17-cv-1419, (E.D. Va. Feb. 21, 2018), ECF No. 19, *appeal docketed*, No. 18-1312 (4th Cir. Mar. 20, 2018). Indeed, this is precisely what Carroll argues that the law should permit him to do – sue each and every website of a public accommodation that has a barrier to accessibility. I do not agree. Injury in fact is not automatically satisfied "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Allowing Carroll's claim to proceed based on dignitary harm alone would undermine the notion that "standing *requires a concrete injury* even in the context of a statutory violation." *Id.* (emphasis added).

Carroll also relies on *Nanni*, 878 F.3d 447, as support for his position on standing. His reliance is misguided. In *Nanni*, the Fourth Circuit reiterated that

plaintiffs are required to allege a plausible intention to return to a public accommodation. *Id.* at 455-56. Although the Fourth Circuit declined to "draw an arbitrary line of geographical proximity . . . for purposes of determining an ADA plaintiff's standing," it nevertheless found that "proximity could be a factor relevant to the plausibility of future injury."[3] *Id.* at 456. The court ultimately found that the plaintiff in that case had sufficiently alleged a plausible intention to return because the market at issue was located on a route he took several times a year during trips to visit family. This is simply not the case with Carroll. As previously discussed, Carroll is hundreds of miles from the nearest NPB branch, and his Complaint is devoid of any reason why he would likely travel to such locations and notably fails to allege any intention to ever visit one of NPB's branches.

---

[3] Several courts have considered proximity when determining whether a plaintiff has alleged a plausible intention to return. In *Norkunas v. Park Rd. Shopping Ctr., Inc.*, 777 F. Supp. 2d (W.D.N.C. 2011), *aff'd* 474 F. App'x 369 (4th Cir. 2012) (unpublished), the court dismissed for lack of standing based on proximity. ("[T]he distance of 120 miles between Plaintiff's residence and the Park Road Shopping Center is too great for the Court to consider it likely that Plaintiff will have occasion to return to [the Center].") Additionally, other district courts have also considered the proximity of defendant's business to plaintiff's residence as a factor in determining whether an injury is concrete and particularized and whether the plaintiff has shown a plausible intent to return to the business. *See, e.g., Judy v. Pingue*, No. 2:08-CV-859, 2009 WL 4261389, at *4 (S.D. Ohio Nov. 25, 2009) (adopting a four-factor test which included proximity); *Jones v. Sears Roebuck & Co.*, No. 2:05-CV-0535-MCE-KJM, 2006 WL 3437905, at *3 (E.D. Cal. Nov. 29, 2006) (noting that a number of California courts "have consistently maintained that a distance over 100 miles weighs against finding a reasonable likelihood of future harm").

Finally, Carroll argues that he has standing as a "tester." However, to bring an action as a tester, Carroll must nevertheless establish standing, which he cannot. "[A] Title III plaintiff cannot use [his] status as a tester to satisfy the standing requirements where [he] would not have standing otherwise." *Norkunas*, 777 F. Supp. 2d at 1005. Carroll contends that his standing as a tester should not be challenged because enforcement of the ADA is accomplished through persons such as himself. On this basis, Carroll contends that he theoretically has standing to sue every bank in the United States under the ADA. Carroll essentially argues that our traditional notions of standing should not apply to lawsuits involving online services offered by places of public accommodation, and that any accessibility barrier contained within such online services automatically establishes injury in fact.

I decline to broaden the standing requirements under Article III in such a manner. Doing so would effectively eliminate standing requirements altogether in the context of the Internet, and "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases and controversies." *Spokeo*, 136 S. Ct. at 1547 (internal quotation marks and citations omitted). Even if I were to accept Carroll's argument in this regard, which I do not, the allegations in his Complaint on their face still fail to confer standing. Although he argues that

visiting an actual physical bank location is unnecessary to engage in online banking, Carroll did not allege that he intended to use the online banking services offered through NPB's website. To the contrary, he alleges that the website's barriers prevented him from finding NPB's physical locations, and as I previously discussed, I do not find it plausible that he intends to visit a bank whose nearest branch is 300 miles from his home.

NPB contends that, in any event, Carroll's claim is now moot based on its voluntary upgrades made to the website after this action was filed, which upgrades Carroll does not dispute. I agree. If a claim becomes moot, the court no longer has jurisdiction to decide it. *See White Tail Park, Inc. v. Stroube,* 413 F.3d 451, 457 (4th Cir. 2005). A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *See Murphy v. Hunt,* 455 U.S. 478, 481 (1982); *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). "When a defendant remedies an alleged violation of the ADA and the allegedly wrongful behavior could not reasonably be expected to recur, the plaintiff's case becomes moot and must be dismissed." *Morrell v. Barter Foundation, Inc.*, No. 1:07CV00003, 2007 WL 1412960, at *4 (W.D. Va. May 11, 2007) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Servs.,* 532 U.S. 598, 609 (2001)).

Carroll's allegations are premised upon a website that no longer exists. Indeed, NPB's former website has been voluntarily replaced by a website with "substantially expanded accessibility options." Reply Supp. Mot. Dismiss 11, ECF No. 9. NPB informed Carroll of its intent to develop a new website by letter in November 2017, prior to the filing of his lawsuit. In this letter, NPB stated that they had "voluntarily made a number of improvements" to the website and had "retained a third-party to develop a new website for the bank which [would] further improve [the website's] accessibility and client service feature-set." *Id.*, Ex. A. at 1, ECF No. 9-1. Carroll argues that this new website does not render his claim moot because there is no guarantee that NPB will not revert to its former inaccessible website in the future. This argument is unpersuasive. Developing a website is not a minor undertaking, and I find it unlikely that NPB would return to a website that is less functional and contains the alleged accessibility barriers.

For all of these reasons, Carroll has failed to demonstrate subject-matter jurisdiction, and his action will be dismissed pursuant to Rule 12(b)(1).

### III.

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Dismiss (ECF No. 3) is GRANTED. A separate final order will be entered herewith.

ENTER: April 5, 2018

/s/  James P. Jones
United States District Judge